*EDWARDS MFG. CO. v. ASHLAND SHEET MILL CO.

1. PETITION IN ERROR AND UNDERTAKING FOR RETENTION OF ATTACHED PROPERTY SUFFICIENTLY FILED.

   Filing a petition in error and an undertaking for retention of attached property within the time required upon sustaining a motion to discharge an attachment, sufficiently complies with Sec. 5563b Rev. Stat.

2. AFFIDAVIT FOR ATTACHMENT AGAINST NONRESIDENT CORPORATION MUST AF-FIRMATIVELY SHOW THAT IT IS NOT DOING BUSINESS IN OHIO, ETC.

   An affidavit in attachment, averring that "defendant is a non-resident of the state" aided by the petition, alleging that defendant is a corporation

---

*Affirming *Edwards Mfg. Co.* v. *Mill Co.* 18 Dec. 413. Dismissed by consent, *Edwards Mfg. Co.* v. *Mill Co.* 54 Bull. 495.

Manufacturing Co. v. Mill Co.

under the laws of another state, which is sworn to positively, is equivalent to a statement that it is a nonresident corporation; but the affidavit must affirmatively show that the defendant is not within the exceptions prescribed by Subd. 1 of Sec. 5521 Rev. Stat.

ERROR to Hamilton common pleas court.

A. D. Shockley, for plaintiff in error.

Maxwell & Ramsey, J. L. Lackner and J. S. Graydon, for defendant in error:

Cited and commented upon the following authorities: *Hough* v. *Manufacturing Co.* 66 Ohio St. 427 [64 N. E. Rep. 521]; *Harrison* v. *King,* 9 Ohio St. 388; *Mansfield Sav. Bank* v. *Post,* 12 Circ. Dec. 577 (22 R. 644), affirmed, *Post* v. *Bank,* 54 Ohio St. 629 [47 N. E. Rep. 1115]; Kerr, Prac. in Attach. Secs. 207, 209; *Endel* v. *Leibrock,* 33 Ohio St. 254; *Fisk* v. *French,* 114 Cal. 400 [46 Pac. Rep. 161]; *Cook* v. *Engine Works,* 10 Circ. Dec. 236 (19 R. 732); *Duxbury* v. *Dahle,* 78 Minn. 427 [81 N. W. Rep. 198; 79 Am. St. Rep. 408]; *Forbes Piano Co.* v. *Owens,* 120 Ga. 449 [47 S. E. Rep. 938]; *Butcher* v. *Leather Co.* 148 Mich. 552 [112 N. W. Rep. 110]; *Buchanan* v. *Edmisten,* 95 N. W. Rep. 620 (Neb.); *Munger* v. *Doolan,* 75 Conn. 656 [55 Atl. Rep. 169]; *Rasmussen* v. *McCabe,* 46 Wis. 600 [1 N. W. Rep. 196]; *United States Baking Co.* v. *Bachman,* 38 W. Va. 84 [18 S. E. Rep. 382]; *Taylor* v. *Tobacco Co.* 107 Va. 787 [60 S. E. Rep. 132]; *Delafield* v. *Armsby Co.* 62 App. Div. 262 [71 N. Y. Supp. 14]; *Manton* v. *Poole,* 67 Barb. 330; *Cosner* v. *Smith,* 36 W. Va. 788 [15 S. E. Rep. 977]; *Driscoll* v. *Kelly,* 4 Dec. 124 (5 N. P. 243); *Rouss* v. *Wright,* 14 Neb. 457 [16 N. W. Rep. 765]; Waples, Attach. & Garn. (2 ed.) Sec. 117; *McCrea* v. *Russell,* 100 Mich. 375 [58 N. W. Rep. 1118]; 1 Shinn, Attach. & Garn. Secs. 8, 90, 148; *Iroquois Furnace Co.* v. *Manufacturing Co.* 181 Ill. 582 [54 N. E. Rep. 987]; *Bigalow Fruit Co.* v. *Armour Car Lines,* 74 Ohio St. 168 [78 N. E. Rep. 267]; 1 Chitty, Pleading Parties to Actions (16 ed.) 246, 344; Gould, Pleading in Civil Actions (5 ed.) Chap. 4, Secs. 20, 22; *State* v. *Stapp,* 29 Iowa 551; *Haskins* v. *Alcott,* 13 Ohio St. 210; *Buckeye Pipe Line Co.* v. *Fee,* 62 Ohio St. 543 [57 N. E. Rep. 446; 78 Am. St. Rep. 743]; *Taylor* v. *McDonald,* 4 Ohio 149; *Crane* v. *Hibbard,* 66 Ark. 282 [50 S. W. Rep. 503]; *Brand* v. *Auto Service Co.* 67 Atl. Rep. 19 (N. J.); *Upp* v. *Neuhring,* 127 Iowa 713 [104 N. W. Rep. 350]; *Ladenburg* v. *Bank,* 87 Hun 269 [33 N. Y. Supp. 821]; *Pajaro Valley Bank* v. *Scurich,* 95 Pac. Rep. 911 (Cal.); *Bradley* v. *Interstate Land & Canal Co.* 12 S. Dak. 28 [80 N. W. Rep. 141].

Hamilton County.

**GIFFEN, J.**

Where a motion to discharge an attachment is sustained, and the plaintiff, within thirty days thereafter, or sooner if so ordered by the court, files a petition in error and an undertaking for the retention of the attached property, it is a sufficient compliance with the provisions of Sec. 5563b Rev. Stat.

An affidavit for attachment which contains the statement that "the defendant is a nonresident of said state of Ohio," when aided by the averment in the petition, which is sworn to positively, "that the defendant is a corporation duly organized under the laws of Kentucky," is equivalent to a statement that the defendant is a foreign corporation.

An affidavit for attachment upon the ground that the defendant is a foreign corporation must affirmatively show that such corporation is not within the exceptions contained in Subd. 1, Sec. 5521 Rev. Stat., and it is not aided by an averment in the petition, though sworn to positively, that the defendant is "doing business at Ashland, Kentucky," as such statement does not exclude the fact that it may also be doing business in this state and owning or using a part of its capital or plant in this state.

Judgment affirmed.

**Swing** and **Smith, JJ.,** concur.